appeals were thereupon abandoned and this petition subsequently filed. At the hearing a witness for the petitioner testified that he purchased the merchandise in issue and before making entry conferred with representatives of the appraiser; that it was mutually agreed that the entries in this petition would be considered as test cases; and that he cooperated fully with the appraiser's office in furnishing requested information as to selling price in order to aid the appraiser in establishing United States value. From the record it was held that the entry of this merchandise was made without any intention to defraud the revenue of the United States or to conceal or to misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

BEFORE THE SECOND DIVISION, APRIL 26, 1946

**No. 51048.**—Protests 87245-K, etc., of Z. Horikoshi & Co. et al. (New York).

Opinion by KINCHELOE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, APRIL 26, 1946

**No. 51049.**—Protests 985359-G, etc., of Daiichi Co. (Los Angeles).

Opinion by CLINE, J. It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303). In accordance therewith certain items of the merchandise were held entitled to free entry under paragraph 1705 as kelp, and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.

**No. 51050.**—Protests 12540-K, etc., of Toma Co. et al. (Los Angeles).

Opinion by CLINE, J. It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303). In accordance therewith certain items of the merchandise were held entitled to free entry under paragraph 1705 as kelp, and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.

**No. 51051.**—Protest 52358-K of Y. Sumi (Los Angeles).

Opinion by CLINE, J. It was stipulated that a portion of the merchandise in question is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303). In accordance therewith the claim at 10 percent under paragraph 1540 was sustained.

**No. 51052.**—Protests 13443-K, etc., of J. T. Steeb & Co., Inc. (Seattle).

Opinion by Cline, J. It was stipulated that a portion of the merchandise in question is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303). In accordance therewith the claim for free entry under paragraph 1705 was sustained.

**No. 51053.**—Protests 944008–G, etc., of Hi Wo Hong & Co. et al. (San Francisco).

Opinion by Cline, J. In accordance with stipulation of counsel and following *Oy Wo Tong Co.* v. *United States* (5 Cust. Ct. 70, C. D. 372), the merchandise in question was held dutiable as follows: (1) Bak hop, lotus nuts (hoi shin lien, hoi pak lien), sui sut, wai san (stick), sar sum (uncut), lo hon qua, yuen yuk, and mok qua were held entitled to free entry under paragraph 1669 as crude drugs; and (2) wai san (sliced), yuk chuk, and sar sum (cut) were held dutiable at 10 percent under paragraph 34 as drugs, advanced. The protests were sustained to this extent.

**No. 51054.**—Protests 993698–G, etc., of Pennsylvania Macaroni Co., Inc., et al. (Philadelphia, etc.).

Opinion by Cline, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51055.**—Protests 14197–K, etc., of Geo. J. Higginson (Baltimore).

Opinion by Keefe, J. It was stipulated that the merchandise consists of oatmeals or oatmeal saucers and puree cups or chowder cups the same in all material respects as those passed upon in *Copeland & Thompson, Inc.* v. *United States* (12 Cust. Ct. 85, C. D. 833) and *Johnson Bros.* v. *United States* (15 id. 113, C. D. 955). In accordance therewith the merchandise was held dutiable as claimed.

**No. 51056.**—Protests 14492–K, etc., of Johnson Bros. (New York).

Opinion by Keefe, J. It was stipulated that the merchandise consists of oatmeals or oatmeal saucers and puree cups or chowder cups the same in all material respects as those passed upon in *Copeland & Thompson, Inc.* v. *United States* (12 Cust. Ct. 85, C. D. 833) and *Johnson Bros.* v. *United States* (15 id. 113, C. D. 955). In accordance therewith the merchandise was held dutiable as claimed.

**No. 51057.**—Protests 35884–K, etc., of Theodore Haviland & Co., Inc. (New York).